IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BRIAN HAMPTON WATSON

    Petitioner,

v.                                  CIVIL ACTION NO. 2:16cv136

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

    Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Brian Hampton Watson's ("Watson") Petition for a Writ of Habeas Corpus ("Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and the Respondent's Motion to Dismiss, ECF No. 10. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 10, be **GRANTED**, Watson's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITHOUT PREJUDICE**, Watson's Motion to Dismiss Without Prejudice Claims (4)(a)(1) through (4)(a)(16) and Claims (4)(b) through (4)(e), ECF No. 15, be **DENIED**, Watson's Motion to Amend Petition, ECF No. 16, be **DENIED**, and Watson's Motion for Stay, ECF No. 17, be **DENIED**.

1

## I. FACTUAL AND PROCEDURAL BACKROUND

On October 18, 2012, Watson was convicted of possession with intent to distribute a controlled substance, third or subsequent offense. ECF No. 12 at 1. After a jury trial in the Prince William County Circuit Court, he was sentenced to twenty years in prison, for which he is currently confined. *Id.*; ECF No. 12, attach. 2 at 6. Watson appealed his conviction to the Court of Appeals of Virginia, but was subsequently denied on May 15, 2013. ECF No. 12 at 1; attach. 1. Lawrence filed a petition for writ of habeas corpus with the Supreme Court of Virginia on March 24, 2014, where he claimed:

> (a) Counsel provided ineffective assistance before and during trial when he (1) failed to investigate the circumstances surrounding the offense and resulting arrest; (2) failed to interview material witnesses, including Ms. Secret Gaskins, Dorothea Wade, and Orlando Thompson; (3) failed to acquire information regarding other drug deals which law enforcement alleged Watson had been involved in; (4) failed to ensure the police had probable cause to obtain a search warrant; (5) failed to listen to Watson when he explained his charges were the result of his prior unwillingness to cooperate with law enforcement; (6) failed to object for lack of foundation to Detective Loving's testimony regarding drug deals; (7) failed to object to the admission of evidence found on Secret Gaskins and evidence found at the residence on Quail Run Lane; (8) failed to object to Detective Strobel's testimony regarding finding drugs and Watson's driver's license in Watson's bedroom; (9) failed to call Secret Gaskins and Dorothea Wade as witnesses; (10) failed to object to statements allegedly made by Watson pursuant to his arrest on separate charges; (11) failed to notify the court that Detective Loving was lying and committing perjury; (12) failed to communicate with Watson regarding trial strategy and available defenses; (13) failed to object at critical points in the trial to preserve issues for appeal; (14) caused prejudice to Watson which deprived him of a fair trial; (15) caused prejudice to Watson which deprived him of a fair trial by failing to conduct a proper investigation before trial; (16) encouraged Watson to plead guilty based on counsel's failure to understand the import of the sentencing guidelines;
>
> (b) Counsel provided ineffective assistance on appeal when he failed to file Watson's appeal from the Court of Appeals of Virginia to the Supreme Court of Virginia;
>
> (c) Prosecutorial and police misconduct violated Watson's constitutional right to a fair trial; and
>
> (d) The search conducted of the residence on Quail Run Lane was unlawful.

ECF No. 12 at 1-3.

The Supreme Court of Virginia granted Watson leave to appeal his conviction in the Court of Appeals of Virginia. *Id.* at 3. Watson filed a petition for rehearing that the Supreme Court of Virginia denied on January 14, 2015. *Id.* Watson filed a petition for appeal for his conviction in the Supreme Court of Virginia on February 2, 2015, where he argued that the Circuit Court:

> abused its discretion in denying [his] motion to strike the evidence as the Commonwealth failed to prove facts sufficient to convict [him] of possession with the intent to distribute a controlled substance because the evidence was insufficient prove beyond a reasonable doubt that the [he] constructively possessed the cocaine found under the bed in the residence on Quail Run [and]...abused its discretion when it denied [his] motion to strike the evidence at the end of the Commonwealth's case-in-chief because the Commonwealth failed to provide notice to [him] that he was charged not only with intent to distribute the drugs found under the bed, but also those found on Secret Gaskins.

*Id.*; attach. 2 at 7. The Supreme Court refused his petition on November 10, 2015. *Id.* at 3. Watson filed a petition for rehearing that was denied on February 5, 2016. *Id.*

Watson filed a second petition for writ of habeas corpus with the Supreme Court of Virginia on February 25, 2016, where in addition to the four claims from his first state habeas petition, he also claimed:

> (e) The circuit court violated his Sixth Amendment right to represent himself and abuse its discretion in violation of Rule 1:1;
>
> (f) (1) Trial counsel and appellate counsel both provided ineffective assistance on appeal by not raising certain issues; and (2) appellate counsel provided ineffective assistance on appeal by failing to visit Watson in prison and by failing to consult with Watson to determine which issues should be raised on appeal; and
>
> (g) The Supreme Court of Virginia violated Watson's due process rights by denying his motion to stay the grant of the belated appeal and to grant him and evidentiary hearing.

*Id.* at 4-5. The Respondent filed a motion to dismiss on April 20, 2016, and Watson filed a response on April 24, 2016. *Id.* at 5. The Supreme Court of Virginia has not yet decided on Watson's second state habeas petition.

3

Watson filed the instant Petition for federal habeas relief on March 22, 2016, ECF No. 1, where he claimed:

(1) The trial court erred by overruling Watson's motion to strike the evidence because the Commonwealth failed to prove sufficient facts necessary to convict Watson of possession of a controlled substance with the intent to distribute under Virginia Code § 18.2-248(C), in violation of Watson's constitutional rights to due process and a fair trial;

(2) The Court of Appeals of Virginia erred when it denied Watson's petition for appeal because (a) the trial court abused its discretion in denying Watson's motion to strike the evidence because the evidence was insufficient to prove that he constructively possessed the cocaine found under the bed in a house located on Quail Run Lane; and (b) the Commonwealth failed to give Watson sufficient notice that he was being charged with possessing while intending to distribute the drugs found on Secret Gaskins;

(3) Watson's Sixth Amendment rights were violated when he was not given sufficient notice that he would be tried for possessing while intending to distribute the drugs found on Secret Gaskins; and

(4)(a) Counsel provided ineffective assistance before and during trial when he (1) failed to investigate the circumstances surrounding the offense and resulting arrest; (2) failed to interview material witnesses, including Ms. Secret Gaskins, Dorothea Wade, and Orlando Thompson; (3) failed to acquire information regarding other drug deals which law enforcement alleged Watson had been involved in; (4) failed to ensure the police had probable cause to obtain a search warrant; (5) failed to listen to Watson when he explained his charges were the result of his prior unwillingness to cooperate with law enforcement; (6) failed to object for lack of foundation to Detective Loving's testimony regarding drug deals; (7) failed to object to the admission of evidence found on Secret Gaskins and evidence found at the residence on Quail Run Lane; (8) failed to object to Detective Strobel's testimony regarding finding drugs and Watson's driver's license in Watson's bedroom; (9) failed to call Secret Gaskins and Dorothea Wade as witnesses; (10) failed to object to statements allegedly made by Watson pursuant to his arrest on separate charges; (11) failed to notify the court that Detective Loving was lying and committing perjury; (12) failed to communicate with Watson regarding trial strategy and available defenses; (13) failed to object at critical points in the trial to preserve issues for appeal; (14) caused prejudice to Watson which deprived him of a fair trial; (15) caused prejudice to Watson which deprived him of a fair trial by failing to conduct a proper investigation before trial; and (16) encouraged Watson to plead guilty based on counsel's failure to understand the import of the sentencing guidelines;

(4)(b) Counsel provided ineffective assistance on appeal when he failed to file Watson's appeal from the Court of Appeals of Virginia to the Supreme Court of Virginia;

4

(4)(c) Prosecutorial and police misconduct violated Watson's constitutional right to a fair trial;

(4)(d) The search conducted of the residence on Quail Run Lane was unlawful; and

(4)(e) The circuit court violated his Sixth Amendment right to represent himself and abused its discretion in violation of Rule 1:1.

ECF No. 12 at 6-8. Watson also requested that the Court "grant him a hearing upon his claims prior to the entry of any order that would denie [sic] him relief." ECF No. 1 at 18. The Assistant Attorney General, on behalf of the Respondent, filed a Rule 5 Answer, Motion to Dismiss with *Roseboro* Notice, and Brief in Support on August 24, 2016. ECF Nos. 10-13. The Respondent argued that Claims (4)(a)(1) through (4)(a)(16) and Claims (4)(b) through (4)(e) are not exhausted so Watson's Petition should be dismissed without prejudice so that he "may choose to amend his mixed federal habeas petition to delete any unexhausted claims-thereby permitting him to proceed upon his exhausted claims in federal court-or to return to state court to exhaust his remaining claims before proceeding in federal court." ECF No. 12 at 9. Watson filed a Reply on September 12, 2016. ECF No. 14. Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

Additionally, Watson filed a Motion to Dismiss Without Prejudice Claims (4)(a)(1) through (4)(a)(16) and Claims (4)(b) through (4)(e), ECF No. 15, because they have not been exhausted in state court. He also filed a Motion to Amend his Petition, ECF No. 16, "to amend the pending § 2254 petition upon his return from state court after the claims mentioned have been exhausted" in the Supreme Court of Virginia. *Id.* at 2. Watson also requested that "he be granted equitable tolling upon his return to federal court." *Id.* Lastly, Watson filed a Motion for Stay, ECF No. 17, to "stay and obey the proceedings in this Court until Watson's [pending] claims in state court are exhausted." *Id.* at 4. The Respondent did not file a response to any of

these motions and the time to do has expired. Accordingly, these motions are also ripe for recommended disposition.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

Before addressing the merits of a federal habeas petition, the preliminary inquiry must be whether the petitioner appropriately exhausted his claims. Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief in order to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993).

Watson raised Claims (1), (2)(a), (2)(b), and (3) on his direct appeal of his conviction to the Supreme Court of Virginia. Additionally, this Court notes that the Respondent conceded that Watson exhausted these three claims. ECF No. 12 at 8. Accordingly, the undersigned **FINDS** that Watson has properly exhausted his state remedies for Claims (1), (2)(a), (2)(b), and (3).

However, Watson's Claims (4)(a)(1) through (4)(a)(16) and Claims (4)(b) through (4)(e) have not yet been reviewed by the Supreme Court of Virginia. When Watson filed his first state habeas petition, he was granted leave to appeal his conviction to the Supreme Court of Virginia. Once his direct appeal was denied, his pending second state habeas petition now brings Claims (4)(a)(1) through (4)(a)(16) and Claims (4)(b) through (4)(e) to the Supreme Court of Virginia for the first time. Moreover, Watson has conceded several times that these claims have not been exhausted. ECF No. 1 at 13-14; ECF No. 15; ECF No. 16 at 2. Therefore, the undersigned **FINDS** that Watson has not properly exhausted his state remedies for Claims (4)(a)(1) through (4)(a)(16) and Claims (4)(b) through (4)(e).

The Respondent argued that Watson "may choose to amend his mixed federal habeas petition to delete any unexhausted claims-thereby permitting him to proceed upon his exhausted claims in federal court-or to return to state court to exhaust his remaining claims before proceeding in federal court." ECF No. 12 at 9. Watson moved to dismiss the unexhausted claims without prejudice, but also moved to stay the proceedings and amend his Petition after he exhausted them. Although Watson's intentions seem contradictory as he seeks to dismiss the unexhausted claims without prejudice while also staying the proceedings so that he can exhaust them, the undersigned interprets Watson's motions as an attempt to stay the current proceedings so that he can pursue all of his claims in the instant Petition at one time.

When a petitioner has exhausted some claims in state court, but not others, the Court may dismiss the action without prejudice so that the petitioner can exhaust them. *Turner v. Kelly*, No. 3:11cv167, 2011 WL 2560224, at *2 (E.D. Va. June 28, 2011) (denying the petitioner's motion to stay because "stay and abeyance should be available only in limited circumstances...when the district court determines there was good cause for the petitioner's failure to exhaust" and the

petitioner had time to file his federal habeas petition after the state proceedings). In this case, Watson has not presented good cause for his failure to exhaust, and has prematurely filed his federal habeas petition before giving the Supreme Court of Virginia the first opportunity to consider his claims. Based on Watson's admitted failure to exhaust these twenty claims, the Responded has not addressed the merits. Further, Watson has time to refile his federal habeas petition after the Supreme Court of Virginia decides his second state habeas, if they deny it, since his time to file in this Court is currently being tolled in accordance with 28 U.S.C. § 2244(d)(2). Therefore, the undersigned **RECOMMENDS** that Watson's Petition be **DISMISSED WITHOUT PREJUDICE** so he can refile once he has exhausted all of his claims. Watson is admonished that, if his state petition is denied, he should file his amended federal habeas petition promptly once the Supreme Court of Virginia decides the second state habeas petition to ensure it is timely.

### B. Watson's Request for an Evidentiary Hearing

In Watson's Petition, he requested an evidentiary hearing for his claim before the Court entered an order denying him relief. ECF No. 10 at 6. Among other requirements, an evidentiary hearing is permitted "only when the petitioner alleges additional facts that, if true, would entitle him to relief." *Beaver v. Thompon*, 93 F.3d 1186, 1190 (4th Cir. 1996). Watson has not alleged facts to justify that Claims (4)(a)(1) through (4)(a)(16) and Claims (4)(b) through (4)(e) were exhausted, and in fact has conceded on several occasions that they were not. ECF No. 1 at 13-14; ECF No. 15; ECF No. 16 at 2. Moreover, the undersigned's recommended disposition is not to issue an order which would deny Watson relief, but would permit him to seek relief when he refiles his petition once all of his claims are exhausted at the state level. Therefore, Watson's request for an evidentiary hearing is **DENIED**.

8

## III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 10, be **GRANTED**, Watson's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITHOUT PREJUDICE,** Watson's Motion to Dismiss Without Prejudice Claims (4)(a)(1) through (4)(a)(16) and Claims (4)(b) through (4)(e), ECF No. 15, be **DENIED,** Watson's Motion to Amend Petition, ECF No. 16, be **DENIED**, and Watson's Motion for Stay, ECF No. 17, be **DENIED.**

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Watson is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

                                                              /s/
                                        Lawrence R. Leonard
                                        United States Magistrate Judge
                                          Lawrence R. Leonard
                                        United States Magistrate Judge

Norfolk, Virginia
December 19, 2016